FILED
WILLIAMSPORT, PA

MAR 24 2003

MARY E. D'ANDREA, CLERK
Per_____
           DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH PATRICK GUERRIERO, | : | 4: CV03 508 |
| Plaintiff | : | CIVIL ACTION NO.: |
| v. | : | COMPLAINT FILED: |
| LOCK HAVEN UNIVERSITY OF PENNSYLVANIA; STATE SYETEM OF HIGHER EDUCATION | : | (JUDGE _____ ) |
| Defendants | : | JURY TRIAL DEMANDED |

## COMPLAINT

1.  Plaintiff Joseph Patrick Guerriero is an adult individual currently residing at 19 Logan Avenue, Castanea, PA, within the Middle District of Pennsylvania.

2.  Defendant Lock Haven University of Pennsylvania, is a public university within the Commonwealth of Pennsylvania, a part of Defendant

Pennsylvania State System of Higher Education, and is located at Lock Haven, PA, within the Middle District of Pennsylvania.

3. Defendant Pennsylvania State System of Higher Education is the governing body of Defendant Lock Haven University of Pennsylvania and is a public corporation and government instrumentality established pursuant to the laws of the Commonwealth of Pennsylvania, and may be located at Dixon University Center, 2986 North Second Street, Harrisburg, PA, within the Middle District of Pennsylvania.

4. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, (hereinafter "Title VII"), and the Pennsylvania Human Relations Act, Pa. Stat. Ann. tit. 43 §951, *et seq.* (hereinafter "PHRA").

5. Jurisdiction is placed in this court by 28 U.S.C. §§ 1331 and 1343.

6. This court may further exercise supplemental jurisdiction over Plaintiff's state law claim under the PHRA pursuant to 28 U.S.C. §1367.

7. The Defendants are found within the Middle District of Pennsylvania, and a substantial part of the events or omissions giving rise to the claims occurred within the Middle District of Pennsylvania.

8. Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. §1391.

9. Plaintiff timely filed a Complaint with the Pennsylvania Human Relations Commission, which was dual-filed with the Equal Employment Opportunity Commission, and those agencies' periods of exclusive jurisdiction have expired.

10. Defendants are employers within the meaning of Title VII and the PHRA, and, at all times relevant hereto, were Plaintiff's employers.

11. In or about August 1998, Defendants employed Plaintiff as Assistant Athletic Director of Defendant Lock Haven University of Pennsylvania.

12. On or about May 2, 2000, Plaintiff, after several discussions with his superiors beginning in approximately December 1999 and proceeding through early 2000, filed a Grievance, alleging acts of sexual harassment/sexually hostile atmosphere against Athletic Director Sharon Taylor, and the failure of Defendants to take reasonably appropriate actions to remedy the sexual harassment/sexually hostile atmosphere.

13. Plaintiff filed an Amended Grievance on or about May 25, 2000.

14. On or about June 22, 2000, William Craig, Defendants' Director of Human Resources at Lock Haven University of Pennsylvania, sent Plaintiff a Memorandum stating, *inter alia*, that Plaintiff's allegations had been investigated, were not corroborated, and Plaintiff's Grievance was denied.

15. Upon information, knowledge and belief, Plaintiff's allegations were corroborated.

16. The Memorandum further stated that Plaintiff was "currently in the Assistant Director position and will remain or not remain there based on merit criteria. Retaliation for this grievance will not take place."

17. Thereafter, Taylor, who was not Plaintiff's formal supervisor and did not have authority to remove Plaintiff, began attempting to coerce Defendants to remove Plaintiff, including making statements that either Plaintiff or she would have to leave.

18. On November 30, 2000, Craig Dean Willis, President of Defendant Lock Haven University of Pennsylvania, sent Plaintiff a letter informing Plaintiff that he was being reassigned from Assistant Director of Athletics to Director of Student Retention, a newly created position, effective the Spring 2001 semester.

19. Plaintiff had neither sought nor desired this reassignment, and the reassignment was done without any prior warning to Plaintiff.

20. Contrary to Mr. Craig's above Memorandum of June 22, 2000, Plaintiff's removal from the Assistant Director of Athletics position was not "based on merit criteria."

21. Plaintiff was replaced in the Assistant Director of Athletics position by a male, proposed by Taylor, who had neither reported nor opposed sexual harassment or a sexually hostile atmosphere.

22. Plaintiff was removed from the Assistant Director of Athletics position in retaliation for his opposition to and reporting of the sexual harassment and sexually hostile atmosphere.

23. In addition, beginning in January, 2001, Defendants further retaliated against Plaintiff for his opposition to and reporting of the sexual harassment and sexually hostile atmosphere by, *inter alia*: attempting to preclude or limit, and precluding and limiting, the type of Summer contract which Plaintiff traditionally had received prior to his abovesaid Grievance; attempting to persuade/coerce Plaintiff into accepting a position which would require his forfeiting his faculty and union status; attempting to and significantly increasing Plaintiff's workload; setting unrealistic goals and time limitations; requiring Plaintiff to perform work without a contract outside his normal dates of employment without commensurate remuneration; requiring Plaintiff to perform work and provide reports that similarly situated individuals are not required to perform or provide; and subjecting Plaintiff to unfounded criticism.

28.  Similarly situated individuals who have neither reported nor opposed sexual harassment or a sexually hostile atmosphere have not been subjected to the above.

29.  Plaintiff has repeatedly reported and opposed the retaliation to his superiors.

30.  Defendants have failed or refused to take reasonably appropriate steps to remedy the above.

31.  A substantial motivating or determinative factor in Defendants' retaliating against Plaintiff and removing Plaintiff from his position as Assistant Athletic Director was Plaintiff's opposing and reporting the sexual harassment and sexually hostile work environment, and the resulting retaliation, and/or because he assisted or participated in an investigation or proceeding regarding the same.

## COUNT I

### Title VII – Retaliation

32.  Paragraphs 1 through 31 are incorporated herein by reference as though fully set forth.

33.  Pursuant to Title VII: "It shall be an unlawful employment practice for an employer to discriminate against any of his employees…because he has opposed any practice made an unlawful employment practice by this subchapter, or

because he has made a charge, testified, assisted, or participated in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. §2000e-3.

34. Defendants subjected Plaintiff to retaliation and removal from his position in violation of Title VII.

35. Defendants acted with intent, and/or the Defendants engaged in the unlawful practices maliciously, willfully, in bad faith, or with reckless disregard and indifference to Plaintiff's rights.

36. As a legal result of Defendants' conduct, Plaintiff has suffered lost wages and benefits, lost future wages and benefits, humiliation, emotional distress, loss of standing and reputation in the community, and such other damages as may become apparent.

37. Plaintiff seeks all rights and remedies to which he is entitled pursuant to Title VII, including compensatory and punitive damages, declaratory and injunctive relief, and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays This Honorable Court enter judgment in his favor, and award him damages for lost wages and benefits, lost future wages and benefits, humiliation, emotional distress, loss of standing and reputation in the community, punitive damages, declaratory and injunctive relief, attorney's fees and costs, and such other relief as is appropriate. Plaintiff demands a jury trial.

## COUNT II

PHRA – Retaliation

38. Paragraphs 1 through 37 are incorporated herein by reference as though fully set forth.

39. Pursuant to the PHRA, it is unlawful "[f]or any person [or] employer...to discriminate in any manner against any individual because such individual has opposed any practice forbidden by this act, or because such individual has made a charge, testified or assisted, in any manner, in any investigation, proceeding or hearing under this act." Pa. Stat. Ann. tit. 43, § 955(d).

40. Defendants subjected Plaintiff to retaliation and removal from his position in violation of the PHRA.

41. Defendants acted with intent, and/or the Defendants engaged in the unlawful practices maliciously, willfully, in bad faith, or with reckless disregard and indifference to Plaintiff's rights.

42. As a legal result of Defendants' conduct, Plaintiff has suffered lost wages and benefits, lost future wages and benefits, humiliation, emotional distress, loss of standing and reputation in the community, and such other damages as may become apparent.

43. Plaintiff seeks all rights and remedies to which he is entitled pursuant to the PHRA, including compensatory damages, declaratory and injunctive relief, and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays This Honorable Court enter judgment in his favor, and award him damages for lost wages and benefits, lost future wages and benefits, humiliation, emotional distress, loss of standing and reputation in the community, declaratory and injunctive relief, attorney's fees and costs, and such other relief as is appropriate. Plaintiff demands a jury trial.

RIEDERS, TRAVIS, HUMPHREY, HARRIS,
WATERS & WAFFENSCHMIDT

Jeffrey C. Dohrmann, Esquire
Attorney for Plaintiff
161 West Third St., PO Box 215
Williamsport, PA 17701
Bar No. PA 68870
Tel: (570) 323-8711
Fax: (570) 323-4192
E-Mail: jdohrmann@riederstravis.com