## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH PATRICK GUERRIERO,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **No. 4:CV-03-0508** |
| **v.** | : | |
| | : | **(Judge Jones)** |
| **LOCK HAVEN UNIVERSITY OF** | : | |
| **PENNSYLVANIA, STATE SYSTEM** | : | |
| **OF HIGHER EDUCATION,** | : | |
| | : | |
| **Defendants** | : | **Electronically Filed** |

### DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION
### FOR SUMMARY JUDGEMENT

### STATEMENT OF THE CASE

**Nature of the Case and Parties**

This is a civil rights action brought by an employee which arises from his reassignment by the state university which employs him from one position to another.

Plaintiff is Joseph Patrick Guerriero who is employed by the State System of Higher Education at Lock Haven University. Defendants are the State System of Higher Education and Lock Haven University.

The complaint alleges retaliation by Lock Haven University and is said to be based upon Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.

§20003 *et seq.*, and the Pennsylvania Human Relations Act("PHRA"), 43 P.S. §951.

The complaint requests declaratory and injunctive relief and damages.  A trial by jury has also been requested.

## Relevant Procedural History

Defendants have moved for summary judgment in their favor on plaintiff's claims based upon the Pennsylvania Human Relations Act only.  This is their supporting brief.

## Facts

Mr. Guerriero is and has been since August of 1998 employed at Lock Haven University.  According to the amended complaint, Mr. Guerriero filed a grievance with the University on May 2, 2000 alleging sexual harassment by the Athletic Director, Sharon Taylor, and the failure of the University to take appropriate steps to remedy the alleged sexually hostile atmosphere. *See* Amended Complaint, ¶12.  Mr. Guerriero amended his grievance later that month. *Id.* at ¶13.

William Craig, the University's Director of Human Resources, investigated Mr. Guerriero's allegations and on June 22, 2000 informed him that his grievance was denied because his complaints were not corroborated.  *See* Amended Complaint, ¶14.

On November 30. 2000, Mr. Craig Willis, President of Lock Haven University, informed Mr. Guerriero that he was being assigned from his position of Assistant Director of Athletics to the newly created position of Director Of Student Retention, effective the Spring Semester of 2001. Amended Complaint, ¶18.

The amended complaint alleges that Mr. Guerriero was re-assigned to the new position to punish him for having complained about sexual harassment. *See* Amended Complaint, ¶22. Other adverse actions, including increases and other changes in his workload and changes in his summer contracts with the University are also said to have occurred in retaliation for his complaints. *Id.* at ¶23.

## STATEMENT OF THE ISSUE PRESENTED

I.    **Whether Plaintiff's Claims Based Upon the Pennsylvania Human Relations Act Should Be Dismissed On Eleventh Amendment Grounds?**

## ARGUMENT

I.    **Plaintiff's Claims Based Upon the PHRA Should Be Dismissed Because They are Barred By the Eleventh Amendment.**

The Eleventh Amendment provides that:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against any one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S.CONST., Amend. XI.

The United States Supreme Court has consistently interpreted the Eleventh Amendment to preclude suits against a state or its agencies in federal court by citizens of that state or other states. *Atascadero State Hospital v. Scanlon,* 473 U.S. 234, 238 (1985); *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 98 (1984); *Edelman v. Jordan,* 415 U.S. 651, 662-663 (1974); *Employees v. Department of Public Health and Welfare,* 411 U.S. 279 (1973); *Hans v. Louisiana,* 134 U.S. 1 (1890)

The Eleventh Amendment's jurisdictional bar is not dependent upon the nature of the relief requested.  It is applicable to suits seeking money damages, *Edelman v. Jordan, supra,* as well as suits seeking equitable relief, *Alabama v.Pugh,* 438 U.S. 781 (1978). As noted by the Court in *Pennhurst,* the "constitutional bar applies to pendent claims as well." *Pennhurst,* 465 U.S. at 120. And, while a state may consent to suit against it in federal court, thereby waiving the immunity, Pennsylvania has not done so either generally or in this case. *Laskaris v. Thornburgh,* 661 F.2d 23, 25 (3d Cir. 1981).

In contravention of this long-established rule, Mr. Guerriero has named the State System of Higher Education and its Lock Haven University as defendants in this lawsuit. *See* Amended Complaint, ¶¶ 2-3; 24 P.S. §20-2002-A  Because the Eleventh Amendment bars suits against the Commonwealth and its constituent

parts, the claims against the defendants  based upon the Pennsylvania Human

Relations Act must be dismissed. *Pennhurst,* 465 U.S. at 100; *Spidle v.*

*Commonwealth of Pennsylvania, Office of the Budget,* 660 F. Supp. 941 (M.D. Pa.

1987); *Lewis v. Kelchner,* 658 F. Supp. 358 (M.D. Pa 1986);

## **CONCLUSION**

For the foregoing reasons, defendants ask the Court to grant summary

judgment in their favor on plaintiff's claims based upon the Pennsylvania Human

Relations Act.


        **Respectfully submitted,**

        **GERALD PAPPERT**
        **Attorney General**

**By:**   ***s/Gwendolyn T. Mosley***
        **GWENDOLYN T. MOSLEY**
        **Senior Deputy Attorney General**
        **Attorney I.D. No. 29157**

**Office of Attorney General**      **SUSAN J. FORNEY**
**15th Floor, Strawberry Square**   **Chief Deputy Attorney General**
**Litigation Section**           **Chief, Litigation Section**
**Harrisburg, PA 17120**
**(717) 787-1180**             **Counsel for Defendants**

**Dated: August 16, 2004**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSEPH PATRICK GUERRIERO,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **No. 4:CV-03-0508** |
| **v.** | : | |
| | : | **(Judge Jones)** |
| **LOCK HAVEN UNIVERSITY OF** | : | |
| **PENNSYLVANIA, STATE SYSTEM** | : | |
| **OF HIGHER EDUCATION,** | : | |
| | : | **Electronically Filed** |
| **Defendants** | : | |

## CERTIFICATE OF SERVICE

I, GWENDOLYN T. MOSLEY, Deputy Attorney General for the

Commonwealth of Pennsylvania, hereby certify that on August 16, 2004, I served a

true and correct copy of the foregoing Defendants' Brief in Support of their Motion

for Summary Judgment by causing it to be deposited in the United States Mail,

first-class postage prepaid to the following:

**Jeffery C. Dohrmann, Esquire
Rieders Travis
161 West Third Street
P.O. Box 215
Williamsport, PA 17701**

> *s/Gwendolyn T. Mosley*
> **GWENDOLYN T. MOSLEY
> Senior Deputy Attorney General**